UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DONTE WOODS,

          Petitioner,

v.

GABRIELA NAJERA, *et al.*,

          Respondents.

Case No. 2:23-cv-00991-ART-NJK

ORDER

In compliance with the Court's prior order (ECF No. 3), petitioner, Donte Woods, has paid the filing fee for his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 4. So, the Clerk of Court will be ordered to docket the petition (ECF No. 1-1), the supporting exhibits (ECF No. 1-2), and Woods' motion for appointment of counsel (ECF No. 1-3).

In screening the petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 ("Habeas Rules"), the Court notes that Woods used only a portion of the Court's approved form.  A petition for a writ of habeas corpus filed by a person who is not represented by an attorney must be on the form provided by this Court. LSR 3-1, Local Rules of Practice, U.S. District Court of Nevada.  The form, when fully completed, includes information necessary for the Court to properly screen the petition in accordance with Rule 4, such as whether the petition has been timely filed and whether the petitioner has exhausted state court remedies before proceeding in federal court.

Normally, the Court would require Woods to refile his petition in compliance with LSR 3-1, but Woods has also submitted a motion for appointment of counsel. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). Appointment in

1 the interests of justice is appropriate when the issues are complex and the
2 penalty is severe. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).
3 Woods was convicted of attempted murder with use of a deadly weapon; battery
4 with use of a deadly weapon resulting in substantial bodily harm; discharging a
5 firearm at or into an occupied structure, vehicle, aircraft, or watercraft;
6 attempted invasion of the home with use of a deadly weapon; and attempted
7 burglary while in possession of a firearm.[1] He is serving an aggregate sentence
8 of 10 to 40 years. His petition, which contains over a hundred pages of
9 handwritten claims, indicates that his case involves complex issues that require
10 the assistance of counsel to develop and articulate. Thus, the Court will grant
11 Woods' motion for appointment of counsel.

**IT IS THEREFORE ORDERED** that the Clerk of Court detach and file Woods' petition for a writ of habeas (ECF No. 1-1), the supporting exhibits (ECF No. 1-2), and Woods' motion for appointment of counsel (ECF No. 1-3).

**IT IS FURTHER ORDERED** that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for respondents and provide respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

**IT IS FURTHER ORDERED** that Woods' motion for appointment of counsel is **GRANTED**.

**IT IS FURTHER ORDERED** that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent Woods.

**IT IS FURTHER ORDERED** that the Clerk **ELECTRONICALLY SERVE** the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF Nos. 1-1). The FPD has 30 days from the date of entry of

---

[1] The Court takes judicial notice of the order affirming his judgment of conviction on direct appeal, which is available online. https://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=52040

this order to file a notice of appearance or to indicate to the Court its inability to represent Woods in these proceedings.

**IT IS FURTHER ORDERED** that after counsel has appeared for Woods in this case, the Court will issue a scheduling order, which will, among other things, set a deadline for the filing of an amended petition.

DATED THIS 25th day of July, 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3