UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONTE WOODS,<br><br>       Petitioner,<br>   v.<br><br>GABRIELA NAJERA, *et al.*,<br><br>       Respondents. | Case No. 2:23-cv-00991-ART-NJK<br><br>ORDER |

On July 25, 2023, the court granted Petitioner Donte Woods' motion for appointment of counsel and provisionally appointed the Federal Public Defender to represent him. ECF No. 5. On July 31, 2023, the Federal Public Defender filed a Notice of Conflict. ECF No. 8.

IT IS THEREFORE ORDERED that Mark D. Eibert, a Criminal Justice Act panel attorney, is appointed to represent the petitioner in these proceedings. The appointment is effective *nunc pro tunc* as of August 7, 2023. Mr. Eibert's contact information appears below:

   Mark D. Eibert
   Attorney At Law
   P.O. Box 1126
   Half Moon Bay, CA 94019
   (650) 638-2380
   markeibert@comcast.net

IT IS FURTHER ORDERED that Mr. Eibert will represent petitioner in all future proceedings in this court relating to this matter (including subsequent actions) and appeals therefrom, pursuant to 18 U.S.C. § 3006A (a)(2)(B), until allowed to withdraw.

IT IS FURTHER ORDERED that Mr. Eibert must enter a notice of appearance within 20 days of the date of this order.

IT IS FURTHER ORDERED that Mr. Eibert must meet with petitioner as soon as reasonably possible to: (a) review the procedures applicable in cases

under 28 U.S.C. § 2254; (b) discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus relief in petitioner's case; and (c) advise petitioner that all possible grounds for habeas corpus relief must be raised at this time and that the failure to do so will likely result in the omitted grounds being barred from future review under the rules regarding abuse of writ.

IT IS FURTHER ORDERED that Mr. Eibert must file an amended petition for writ of habeas corpus within 90 days that includes all known grounds for relief (both exhausted and unexhausted).

IT IS FURTHER ORDERED that respondents must file a response to the petition within 90 days of service of the petition. Petitioner will then have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition. If their response to the petition is a motion to dismiss, respondents will then have 30 days following service of petitioner's opposition to file and serve a reply. Any other motions will be subject to the normal briefing schedule under the local rules.

Any response to the petition must comport with Habeas Rule 5. Additionally:

1. Any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.

2. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted

claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer, and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, must instead be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim; and

4. Respondents must file a set of state court exhibits relevant to the response filed to the petition. Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is to allow the court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

DATED THIS 9th day of August, 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE