UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DONTE WOODS,

                              Petitioner,

        v.

RONALD OLIVER, *et al.*,

                              Respondents.

Case No. 2:23-cv-00991-ART-NJK

ORDER

## I.    Summary

In this habeas corpus action, the petitioner, Donte Woods, who is represented by appointed counsel, filed an amended petition for writ of habeas corpus on March 8, 2024. (ECF No. 22.) Respondents filed a motion to dismiss on September 6, 2024. (ECF No. 29.) The Court will deny the motion to dismiss and will set a schedule for the respondents to file their answer.

## II.    Background

On May 26, 2017, Woods was convicted, pursuant to a jury verdict, in Nevada's Eighth Judicial District Court (Clark County), of attempted murder with use of a deadly weapon; battery with use of a deadly weapon resulting in substantial bodily harm; discharging a firearm at or into an occupied structure, vehicle or watercraft; attempted invasion of the home with use of a deadly weapon; and attempted burglary while in possession of a firearm. (ECF No. 16-33 (jury verdict); ECF No. 16-38 (judgment of conviction).) He was sentenced to an aggregate of ten to forty years in prison. (ECF No. 16-38.)

Woods's convictions resulted from a shooting in Las Vegas on the night of April 19, 2016. An individual named Tyrone Golden was shot several times; "[t]he State's primary evidence against Woods was Golden's identification of Woods as one of the assailants in a pretrial photographic lineup and at trial." (ECF No. 17-

1

20 at 1 (order of affirmance of the Nevada Supreme Court on direct appeal); *see also* ECF No. 22 at 5–10 (statement of facts in Woods's amended petition).)

Woods appealed and the Nevada Supreme Court affirmed his conviction on September 21, 2018. (ECF No. 17-3 (opening brief on appeal); 17-20 (order of affirmance).)

On April 25, 2018, with his direct appeal pending, Woods filed a *pro se* state post-conviction petition for a writ of habeas corpus. (ECF No. 17-5.) The state district court denied the petition on August 13, 2018. (ECF No. 17-14.) Woods appealed. (ECF Nos. 67, 68, 69.) On March 19, 2020, the Nevada Court of Appeals affirmed in part and reversed and remanded in part. (ECF No. 17-39.) The court remanded for the state district court to hold an evidentiary hearing regarding Woods's claim that his trial counsel was ineffective for not presenting an alibi defense. (*Id.*) The state district court held the evidentiary hearing on March 11, 2022. (ECF No. 18-15.) In an order filed on April 26, 2022, the state district court again denied Woods's claim that his trial counsel was ineffective. (ECF No. 18-16.) Woods appealed. (ECF No. 18-24 (opening brief on appeal).) The Nevada Court of Appeals affirmed on February 14, 2023. (ECF No. 18-31.)

This Court received Woods's pro se federal petition for writ of habeas corpus for filing on June 27, 2023. (ECF Nos. 2-1, 6.) The Court granted Woods's motion for appointment of counsel and appointed counsel (ECF No. 5); with counsel, Woods filed an amended habeas petition on March 8, 2024. (ECF No. 22.) Woods's amended petition asserts three claims:

> 1.    "Mr. Woods' federal constitutional rights under the Fifth and Fourteenth Amendments were violated by the fact that there was insufficient evidence to support the convictions."

> 2.    "Mr. Woods' federal constitutional rights under the Fifth, Sixth and Fourteenth Amendments were violated by his trial counsel's failure to adequately investigate and present his alibi defense."

///

///

2

3.    "Mr. Woods' federal constitutional rights under the Fifth, Sixth and Fourteenth Amendments were violated by cumulative error sufficient to overturn the convictions."

(*Id.*)

Respondents filed their motion to dismiss on September 6, 2024, arguing that Claims 1 and 3 are unexhausted in state court and that Claim 3 is not cognizable. (ECF No. 29.) That motion is fully briefed and before the Court. (*See* ECF No. 31 (Woods's opposition); ECF No. 33 (Respondents' reply).)

**III.    Discussion**

**A.    Exhaustion – Legal Standards**

A federal court generally cannot grant a state prisoner's petition for writ of habeas corpus unless the petitioner has exhausted available state-court remedies. 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This means that a petitioner must give the state courts a fair opportunity to act on each of his claims before he presents the claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Byford*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981). The petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which the federal habeas claim is based. *See Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

"A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' [*Vasquez v. Hillery*, 474 U.S. 254, 260 (1986)], or 'place the case in a significantly different and stronger evidentiary posture than it was when the

state courts considered it.' [*Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988)]; accord *Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988)." *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014). On the other hand, new allegations that "[do] not fundamentally alter the legal claim already considered by the state courts" will not render a claim unexhausted. *Vasquez*, 474 U.S. at 260; *see also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994).

**B.    Claim 1**

In Claim 1, Woods claims that his federal constitutional rights were violated because there was insufficient evidence presented at trial to support his convictions. (ECF No. 22 at 13–19.) Woods asserted such a claim on his direct appeal. (ECF No. 17-3 at 19–23.)

Respondents recognize that Woods claimed insufficiency of evidence on his direct appeal, but they argue that "Ground 1 contains a new argument with new factual allegations regarding his conspiratorial liability that were not fairly presented in Woods' direct appeal before the Nevada Supreme Court." (ECF No. 29 at 7.) Specifically, Respondents argue that in Claim 1 "Woods makes the new factual allegation that the photo identification of Woods by Golden was tainted by the officer administering it because the officer told Golden to write that he was 100% certain despite Golden allegedly never making that statement." (*Id.*)

An insufficiency of the evidence claim is necessarily based on the evidence presented at trial. In making the argument Respondents refer to, Woods cites only trial testimony. *See* ECF No. 22 at 17, lines 4–7 (citing trial testimony at ECF No. 16-32, p. 43). Woods does not base Claim 1 on any facts not before the state courts. And, to the extent that Claim 1 might be read as adding a new argument not asserted in the claim on his direct appeal, that argument does not fundamentally alter the claim.

Claim 1 is exhausted. The Court will deny Respondents' motion to dismiss with respect to Claim 1.

### C.    Claim 3

In Claim 3, Woods claims that his federal constitutional rights were violated on account of cumulative error. (ECF No. 22 at 30–31.)

Respondents argue that Woods did not present this cumulative error claim in state court, and that it is therefore unexhausted. (ECF No. 29 at 7–8.) The Court, however, cannot at this point properly determine whether there are multiple constitutional errors to be considered cumulatively; what the nature of the cumulative error claim is; whether the cumulative error claim, as it would be applied in this case, was—or could have been—exhausted in state court; or whether the cumulative effect of any error that might be found by this Court should be assessed. In short, Respondents' argument that this claim is unexhausted will be better addressed in conjunction with the merits of Woods's claims.

Respondents also argue that Woods's cumulative error claim is not cognizable in this federal habeas action. (ECF No. 29 at 9–10.) This argument, too, will be better addressed in conjunction with the merits of Woods's claims.

Therefore, the Court will deny the motion to dismiss with respect to Claim 3, without prejudice to Respondents asserting their exhaustion and cognizability defenses in their answer.

///
///
///
///
///
///
///
///
///

**IV.    Conclusion**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 29) is denied.

It is further ordered that Respondents will have 60 days from the date this order is entered to file an answer. In all other respects, the schedule for further proceedings set forth in the order entered September 19, 2023 (ECF No. 13) will remain in effect.

Dated this 3rd day of March 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE